| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

The United States of America, §
§
        Plaintiff, §
§
versus § Criminal H-11-116-2
§
Jose Luis Rojas, §
§
        Defendant. §

## Opinion on Vacatur

1. Jose Luis Rojas's motion to vacate his sentence will be denied. (441)

2. This is Rojas's second motion to vacate under 28 U.S.C. § 2255. It is not certified, nor could it be certified because it does not contain newly discovered evidence or rely on a new rule of constitutional law.

3. Assuming it were certified, it would still be denied.

4. Rojas's motion is untimely. His deadline for moving to vacate was August 18, 2014. He did not move until February 2, 2015 – 168 days later. Rojas asks that the court equitably toll the deadline because he is innocent and because the prisoner who helped him prepare his first motion moved. Rojas has nothing to support his innocence. Not having help to move on nearly identical grounds is not an exceptional circumstance that would justify tolling the deadline.

5. Rojas's grounds – save one – are the same his earlier motion.[1] Rojas's only new ground – that he is actually innocent – is wholly unsupported. In his direct appeal, he

---

[1] Docket entry 394.

also argued that he was merely a maintenance man for his sister's business. Rojas has no new facts or evidence to support his claim. It is belied by his own admissions and plea at proceedings that were translated into Spanish.

6. Rojas was admonished by the court at his rearraignment of his right to a trial by jury. The elements of the crimes of which he was accused were explained. He chose to plead guilty. He was given the opportunity to speak at his rearraignment and he declined to speak at his sentencing. He never once said that he was innocent, that he did not think he had done what he was accused of having done, or something similar. In fact, he gave a written statement accepting responsibility for having helped his sister run a brothel, though he knew it was wrong.

7. Rojas's claim that he was merely the maintenance man arose at his sentencing when he argued that his offense level should not be increased by four because he was not an organizer or leader. He did not contest his guilt, merely the severity of his crime. The court heard his objection and it was overruled. The government's evidence showed that many of the workers were hired by Rojas, that he recruited illegal aliens to work at the brothel, that he beat and threatened at least one worker, and that he was present when pimps beat and threatened other workers.

Signed on March 12, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge